IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BENJAMIN DAVIS,<br><br>    Petitioner,<br><br>vs.<br><br>STATE OF ALASKA,<br><br>    Respondent. | No. 3:20-cv-00274-JKS<br><br>ORDER TO SHOW CAUSE<br>and<br>ORDER<br>[Re: Docket No. 3] |

  Benjamin Davis, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Davis challenges the 2008 judgment of conviction following a jury trial entered by the Superior Court for the State of Alaska, Case Number 3AN-06-10238CR, on the ground his appellate counsel was ineffective for failing to petition on direct appeal for hearing in the Alaska Supreme Court after his conviction was affirmed by the Alaska Court of Appeals. *Id.* at 5-7.

  Pursuant to the Rules Governing Section 2254 Cases, the Court must review the instant Petition to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4. *See* 28 U.S.C. § 2243. If so, "the judge must dismiss the petition." *Id.* .

A.      Timeliness

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), there is a one-year limitations period in which a state prisoner may file a federal habeas petition challenging his or her state conviction:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ... or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under the statute, "[t]his one-year limitations period is tolled during the pendency of a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Mardesich v. Cate*, 668 F.3d 1164, 1169 (9th Cir. 2012). The Supreme Court explains that "[t]he time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original) (citation omitted); *id.* at 192 ("If the filing of the appeal is timely, the period between the adverse lower court decision and the filing (typically just a few days) is not counted against the 1-year AEDPA time limit."); *but see Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 (9th Cir. 2015) (the statute of limitations is not tolled, however, while an unexhausted petition under § 2254 is pending in federal court) (citing *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005)).

Thus, if Davis has been timely and properly challenging his conviction in the state courts, the statute of limitations is tolled during any state proceedings. The Court takes judicial notice[1]

---

[1] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to
-2-

Case 3:20-cv-00274-JKS   Document 4   Filed 11/10/20   Page 2 of 8

that the state court record shows that Davis was convicted on January 22, 2008. *See* https://records.courts.alaska.gov/ (*State v. Davis*, 3AN-06-10238CR). The records of the Alaska state courts further reflect that the Alaska Court of Appeals affirmed his conviction on June 1, 2011. *See* https://appellate-records.courts.alaska.gov/ (*Davis v. State*, A-10144); *Davis v. State*, No. A-10144, 2011 WL 2183931 (Alaska Ct. App. Jun. 1, 2011). The Alaska state court records also indicate, and Davis's Petition confirms, that he did not petition for hearing in the Alaska Supreme Court. His conviction thus became final for AEDPA purposes when the 30-day window for seeking review in the Alaska Supreme Court lapsed on July 1, 2011. Alaska Rule of Appellate Procedure 303(a)(1); *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (for a state prisoner who does not seek review in the State's highest court, the judgment becomes "final" on the date the time for seeking such review expires); *see Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (a petitioner's conviction was final on direct review upon the expiration of the time for seeking review of the court of appeals' decision in the Arizona Supreme Court). The one-year period under the AEDPA in which to file a federal petition for habeas relief thus expired on July 1, 2012.

It appears that, after his conviction became final, Davis did not litigate any challenge to his conviction until January 11, 2017, when filed in the Alaska Superior Court a petition for post-conviction relief in case number 3-AN-17-04137CI, which was subsequently dismissed as time-barred on June 6, 2017. *See* https://records.courts.alaska.gov/ (*Davis v. State*, 3AN-17-04137CI).

Because the January 2017 application for post-conviction relief was filed more than four years after the deadline for Davis to file a federal habeas petition had expired, it did not serve to restart the statute of limitations. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that the one-year habeas statute of limitations does not restart where that period ends before

---

accept such a fact." BLACK'S LAW DICTIONARY (10th ed. 2014); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice."); *see also* FED. R. EVID. 201.

-3-

petitioner's state petition for post-conviction relief is filed). It therefore appears that Davis's Petition is facially untimely.

      a.      Actual innocence may overcome the statute of limitations.

The Supreme Court has held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass" when the statute of limitations has expired. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2012) (citing *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (1995)). This is because the Supreme Court has "held that the miscarriage of justice exception applies to state procedural rules, including filing deadlines." *Id.* (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). But a "petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329) (internal citation marks omitted). This "standard is 'demanding' and seldom met." *Id.* (quoting *House*, 547 U.S. at 538) (And "in making an assessment . . . 'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schulp*, 513 U.S. at 332)).

      b.      Equitable tolling applies to the federal habeas statute of limitations.

Tolling means that the statute of limitations may not run for a period of time. *See* BLACK'S LAW DICTIONARY (10th ed. 2014). In *Holland v. Florida*, the Supreme Court held "that § 2244(d) is subject to equitable tolling in appropriate cases." 560 U.S. 631, 645 (2010) (citations omitted). But equitable tolling is permitted only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 639 (citation omitted).

      1.      <u>A petitioner must exercise reasonable diligence.</u>

The Supreme Court held in *Holland* that a petitioner must exercise "reasonable diligence" in pursuing his available remedies. *Id.* at 653; *see also Ford v. Gonzalez*, 683 F.3d 1230, 1237 (9th Cir. 2012) ("The diligence required for equitable tolling purposes is 'reasonable

-4-

diligence,' not 'maximum feasible diligence.'") (quoting *Holland*, 560 U.S. at 653) (further internal quotation marks omitted); *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011) ("The standard for reasonable diligence does not require an overzealous or extreme pursuit of any and every avenue of relief.") (citation omitted). The Ninth Circuit has explained that, "[t]o determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." *Busby*, 661 F.3d at 1013 (citation omitted).

The Supreme Court found in *Holland* that a petitioner's repeated attempts to contact his attorney or have him removed from the case showed a diligent effort to avoid the running of the statute of limitations. The Court noted that "the very day that [the petitioner] discovered that his AEDPA clock had expired due to [his attorney's] failings, [the petitioner] prepared his own habeas petition pro se and promptly filed it with the District Court." *Holland*, 560 U.S. at 653.

Davis is cautioned that "[i]n addition to the specific efforts [petitioners] allege that they made to pursue their claims, [courts] also consider it important that [petitioners] pursued their claims within a reasonable period of time *before* [an] external impediment . . . came into existence." *Roy v. Lampert*, 465 F.3d 964, 972 (9th Cir. 2006) (citation omitted) (emphasis in original); *see also Rudin v. Myles*, 781 F.3d 1043, 1056 (9th Cir. 2014). Davis must show that he exercised such due diligence in pursuing his remedies.

2. Extraordinary circumstances must have prevented a timely filing.

The Ninth Circuit has explained as follows:

> The "general rule" is that "equitable tolling is available where the prisoner can show extraordinary circumstances were the cause of an untimely filing." *Bills [v. Clark]*, 628 F.3d [1092,] 1097 [(9th Cir. 2010)]. "Under our cases, equitable tolling is available for this reason only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness." *Id.* (quoting *Spitsyn [v. Moore]*, 345 F.3d [796,] 799 [(9th Cir. 2003)] (internal quotation marks omitted).

*Ford v. Gonzalez*, 683 F.3d at 1237 (emphasis in original).

The Ninth Circuit has also explained that "[g]rounds for equitable tolling under § 2244(d)

are 'highly fact-dependent.'" *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003) (quoting *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)). Although "[e]quitable tolling may be warranted in instances of unprofessional attorney behavior . . . the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney neglect or mistake." *Doe v. Busby*, 661 F.3d at 1011-12; *see also Frye v. Hickman*, 273 F.3d 1144, 1145 (9th Cir. 2001), cert. denied, 122 S. Ct 1913 (2002) (A "miscalculation of the limitations period by . . . counsel and [counsel's] negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling.") (citations omitted); *but see Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) ("[W]e hold that extraordinary circumstances beyond Stillman's control existed when the prison litigation coordinator promised Stillman's lawyer to obtain Stillman's signature in time for filing, but then broke his promise, causing the filing to be late."). An attorney's negligence must be "sufficiently egregious" to rise to the level of an extraordinary circumstance. *See Spitsyn*, 345 F.3d at 800 ("[T]here are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate[.]") (quotation omitted); *see also Busby*, 661 F.3d at 1012 ("[T]he services rendered by Doe's former counsel were utterly deficient and unprofessional and thus constituted an extraordinary circumstance preventing the timely filing of this Petition.").

And although a petitioner "may be entitled to equitable tolling during the period he was without his legal materials if the deprivation of his legal materials made it impossible for him to file a timely § 2254 petition in federal court[,]" petitioners are generally deemed to be able to file such petitions themselves, and courts provide forms (such as the one used by Davis in this case), to assist them in doing so. *See, e.g.*, *Roy*, 465 F.3d at 970 ("[P]ro se status, on its own, is not enough to warrant equitable tolling."); *see also* http://courts.alaska.gov/forms/civ-760.pdf (Alaska Court System post-conviction relief form).

B.     Show Cause

Davis must show that his § 2254 petition has been timely filed within the one-year statute

of limitations. If not, Davis must explain whether he: 1) has been pursuing his rights diligently, *and* 2) has had some extraordinary circumstance(s) that stood in his way and prevented timely filing, and he must state the time period during which those circumstances prevented him from filing his habeas petition. Otherwise, the Petition will be dismissed. *See Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001) ("[W]hile the district court has the authority to raise the statute of limitations sua sponte and to dismiss the petition on those grounds, that authority should only be exercised after the court provides the petitioner with adequate notice and an opportunity to respond.") (citations omitted).

C.  Motion for Leave to Proceed *In Forma Pauperis*

At Docket No. 3, Davis additionally requests that this Court waive the filing fee to proceed with this case. Parties filing actions are required to pay a filing fee. *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999); 28 U.S.C. § 1913. An action may proceed despite failure to pay the filing fee if the party is granted an *in forma pauperis* ("IFP") status. *Rodriguez*, 169 F.3d at 1177. The Court may grant IFP status to any prisoner who demonstrates that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). Rule 3(a)(2) of the Rules Governing Section 2254 Proceedings in the U.S. District Courts requires that inmates moving for IFP status file with their application "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Davis did not file with his IFP application such statement from the Anchorage Correctional Complex. Accordingly, Davis's motion at Docket No. 3 will be denied without prejudice to re-file with the proper documentation in the event he files a response to the Order to Show Cause that conforms with the requirements laid out in this Order.

**IT IS THEREFORE ORDERED:**

1. Davis must show, on or before **December 11, 2020**, that he has filed his petition in a timely manner or that there are grounds for equitable tolling, as explained in this Order. If Davis does not timely comply with this Order, his case will be dismissed

-7-

without further notice.

2. The Clerk of Court shall send Davis this Court's form PS16A, Notice Regarding Exhaustion and Statute of Limitations. On the enclosed form, Davis shall indicate whether he litigated his claims between July 1, 2011, when his conviction became final, and January 11, 2017, when he filed his application for post-conviction relief in the Alaska Superior Court. If he concedes that he did not litigate his claims during this time period, Davis should explain whether extraordinary circumstances prevented him from doing so, such that he would be entitled to equitable tolling, as discussed in this Order.

3. The Clerk of Court is further directed to send form PS09, Notice of Voluntary Dismissal, to Davis with this Order. Davis may choose to submit form PS09 and voluntarily dismiss his case rather than submit form PS16A. Davis may file the Notice of Voluntary Dismissal on or before **December 11, 2020**.

4. The Clerk of Court is directed to send Davis a copy of the District Court's handbook, "Representing Yourself in Alaska's Federal Court," with this Order.

5. The Motion for Leave to Proceed in Forma Pauperis is **DENIED WITHOUT PREJUDICE** to re-file with the proper documentation in the event Davis files a response to the Order to Show Cause that conforms with the requirements laid out in this Order.

Dated at Anchorage, Alaska this 10th day of November, 2020.

<div style="text-align:right">

s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge

</div>